BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0392-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 12, 2003


______________________________



RAUL HERRERA,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;



NO. 906455997X; HON. ED SELF, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Raul Herrera (appellant) appeals his conviction for possession of a controlled
substance over four grams but under 200 grams. The clerk's record was filed on
September 15, 2003, and the supplemental clerk's record on September 17, 2003. The
reporter's record was filed on August 27, 2003. Thus, appellant's brief was due on
October 17, 2003. However, one was not filed on that date. On October 27, 2003, this
Court notified counsel for appellant that neither the brief nor an extension of time to file
appellant's brief had been filed. Counsel for appellant was also admonished that if
appellant's brief was not filed by November 6, 2003, the appeal would be abated to the trial
court. That date has lapsed, and appellant still has yet to file a brief. 

 Consequently, we abate this appeal and remand the cause to the 242nd District
Court of Castro County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35,
83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, then
we further direct the court to appoint new counsel to assist in the prosecution of the
appeal. The name, address, phone number, telefax number, and state bar number of the
new counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before December 10, 2003. Should
additional time be needed to perform these tasks, the trial court may request same on or
before December 10, 2003.

 It is so ordered.

 Per Curiam

Do not publish.



n Locked="false" Priority="10" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00322-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



AUGUST
24, 2011

 



 

IN RE JAIME HERNANDEZ MUNIZ, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

Relator Jamie Hernandez Muniz, a
prison inmate appearing pro se, has
filed a motion for leave to file a petition for writ of mandamus[2]
and a petition for writ of mandamus.  In
his petition, relator complains that the trial court denied him due process of
law by signing orders directing withdrawal of funds from his trust
account.  For the reasons that follow, we
will deny relators petition.

Relator has not filed a record or
appendix with his petition.  In an
original mandamus proceeding, the petition must be accompanied by a certified
or sworn copy of every document that is material to a relators claim for
relief and that was filed in any underlying proceeding.  See
Tex. R. App. P. 52.7(a)(1). 
Additionally, the petition states facts not supported by evidence included
in an appendix or record.  A relators
burden on mandamus includes meeting the requirement that [e]very statement of
fact in the petition [is] supported by citation to competent evidence included
in the appendix or record.  Tex. R. App.
P. 52.3(g).  In short, a relator must
supply a record sufficient to establish the right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). 
Relator has not done so and we are therefore unable to determine whether
he is entitled to mandamus relief.  

Accordingly, relators petition for
writ of mandamus is denied and his motion for leave to file a petition for writ
of mandamus is dismissed as moot.  In
denying relators petition, we express no opinion on the merits of his
complaint, or whether it is properly reviewable by petition for writ of
mandamus.  See Harrell v. State, 286 S.W.3d 315, 321 (Tex. 2009) (holding
appellate review of a trial courts order denying an inmates motion
challenging a withdrawal order is by appeal). 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

 











[1] John T. Boyd, Chief Justice (Ret.),
Seventh Court of Appeals, sitting by assignment.





[2] Motions for leave to file a petition
for writ of mandamus are no longer required. 
Tex. R. App. P. 52.1 Notes and Comments.